

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bayne Satterfield, Commissioner
Firemen's Pension Commission
P. O. Box 1062
Austin, Texas

Dear Sir:

Opinion No. 0-6715
Re: The term "City Physician"
as used in sections 9 and
15 of Art. 6243e, V.A.C.S.,
refers to and means "City
Health Officer" as provided
in Art. 4425, V.A.C.S.; and
related questions.

We have received your recent communication, quoted as follows:

"Section 9 of Article 6243-e, Vernon's Revised Civil Statutes, 1925, as amended, provides that before disability benefits may be granted to a participating member of the Firemen's Relief and Retirement Fund, the Board of Trustees must have a certificate of his disability from the "City Physician", duly notarized, if there be one and if not then such a certificate from any physician selected by the Board. Your Opinion No. 0-5514 supports the above interpretation.

"There seems to be some differences of opinion among the Boards as to the correct interpretation of "City Physician" as defined in the Act. Most of our cities have what are called "City Health Officers" whose duties are to look after the general health conditions of the cities and whose duties do not require them to examine city employees nor to attend such employees when sick or injured. We are enclosing a section of a city charter which creates the office of "City Health Physician" ordinarily referred to as City Health Officer. We would appreciate your giving us your opinion as to whether such physician would be considered the "City Physician" as is provided in Section 9 of the Act.

MMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"We also have a situation where the Health Officer or City Physician is and has been for several months, sick and unable to perform his duties as such and no "acting city physician or health officer" has been appointed to serve during such officer's illness. Would it be within the power of the Board to assume that, under such conditions, there was no such officer and proceed to accept such a certificate from a physician which they may choose?"

Article 4424, V. A. C. S., provides as follows:

"The office of city physician is abolished, and instead the office of city health officer is created. The office of city health officer shall be filled by a competent physician, legally qualified to practice medicine within this State, of reputable professional standing. Id."

Article 4425, V.A. C. S., provides as follows:

"The governing body of each incorporated city and town within this State shall elect a qualified person for the office of city health officer by a majority of the votes of the governing body, except in cities which may be operated under a charter providing for a different method of selecting city physicians, in which event the office of city health officer shall be filled as is now filled by the city physician, but in no instance shall the office of city health officer be abolished. The city health officer, after appointment, shall take and subscribe to the official oath, and shall file a copy of such oath and a copy of his appointment with the Texas State Board of Health, and shall not be deemed to be legally qualified until said copies shall have been so filed."

Honorable Bayne Satterfield - page 3

Article 4430, V. A. C.S., provides as follows:

"Each city health officer shall perform such duties as may be required of him by general law and city ordinances with regard to the general health and sanitation of towns and cities, and perform such other duties as shall be legally required of him by the mayor, governing body or the ordinances of his city or town. He shall discharge and perform such duties as may be prescribed for him under the directions, rules, regulations and requirements of the State Board of Health and the president thereof. He shall be required to aid and assist the State Board of Health in all matters of quarantine, vital and mortuary statistics, inspection, disease prevention and suppression and sanitation within his jurisdiction. He shall at all times report to the State Board of Health, in such manner and form as said board may prescribe, the presence of all contagious, infectious and dangerous epidemic diseases within his jurisdiction, and shall make such other and further reports in such manner and form and at such times as said State board shall direct, touching all such matters as may be proper for said board to direct, and he shall aid said state board at all times in the enforcement of proper rules, regulations and requirements in the enforcement of all sanitary laws, quarantine regulations and vital statistics collection, and perform such other duties as said State board shall direct."

In the case of McNeese v. State, 180 S. W. (2) 164, the Court of Criminal Appeals of Texas held, inter alia, that in view of Art. 4425, V. A. C. S., all incorporated cities and towns must have a health officer whose duties are prescribed by law.

Sections 9 and 15 of Art. 6243e, V. A. C. S., provide as follows:

"Sec. 9. No person shall be retired either for total or temporary disability, except as herein provided, nor receive any allowance from said Fund, unless and until there shall have been filed with

Honorable Bayne Satterfield - page 4

the Board of Trustees, certificates of his dis-
ability or eligibility signed and sworn to by
said person and/or by the city or town physician,
if there be one, or if none, then by any physician
selected by the Board of Trustees. Said Board of
Trustees, in its discretion, may require other or
additional evidence of disability before ordering
such retirement or payment aforesaid."

"* * * *

"Sec. 15. The Board of Trustees, in its dis-
cretion, at any time, may cause any person retired
for disability, under the provisions of this Act
to appear and undergo a medical examination by the
city physician or any other physician appointed or
selected by the Board of Trustees for the purpose,
and the result of such examination and report thereof
by said physician shall be considered by said Board
of Trustees in determining whether the relief in said
case shall be continued, increased (if less than the
maximum provided herein), decreased, or discontinued.
Should any person receiving relief under the pro-
visions of this Act, after due notice from said Board
of Trustees, to appear and be re-examined, unless ex-
cused by said Board, fail to appear or refuse to sub-
mit to re-examination, said Board of Trustees is author-
ized in its discretion, to reduce or entirely discon-
tinue such relief.

It has been decided that a statute or provision should
not be given a construction rendering it futile, or useless, when
the language can be otherwise construed. The reason of the rule
is that the Legislature is not to be credited with doing or in-
tending a useless or vain thing, nor with requiring a futile,
impossible or useless thing to be done. 39 Tex. Jur. pp. 222,
223. Also one of the primary and settled rules of construction
is that words in common use, when contained in a statute, will
be read according to their natural, ordinary and popular mean-
ing, unless a contrary intention is clearly apparent from the
context, or unless there is some necessity, in a particular
case, for adopting a different construction. 39 Tex. Jur.
pp. 197, 198.

Honorable Bayne Satterfield - page 5

As there is now no such officer as that of "City Physician," and there was no such officer when the provisions contained in Sections 9 and 15 of Art. 6243e, V.A.C.S., supra, were enacted, to hold that the Legislature, by the use of the term "City Physician" in said sections 9 and 15 of Art. 6243e, V.A.C.S., supra, meant an officer no longer in existence in this state would be crediting the Legislature with doing a useless thing and requiring an impossible thing to be done.

We believe the term "City Physician" was used in said Art. 6243e, supra, as a generic term and should be construed as meaning the "City Health Officer," who is the statutory successor to the office of City Physician and who is required by statute to be a competent physician, legally qualified to practice medicine within this State and of reputable professional standing. Said City Health Officer is required to perform such duties as may be legally required of him by general law and the governing body or the ordinances of his city or town.

In the situation presented by you, i.e., when such officer is unable to perform his duties of office, it would be without the power of the Board of Trustees to select another physician to certify to the applicant's disability or eligibility. Our Opinion No. 0-5514, referred to by you, holds, in substance, that if the city has a city physician, the accompanying affidavit must be made by him, but if such city has no city physician, then any doctor selected by the Board may make the affidavit. We do not believe the fact that such city physician is sick and unable to perform this duty has the legal effect of placing such city in the status of having no city physician or city health officer as contemplated in Sec. 9 of Art. 6243e, supra.

Furthermore, it is the opinion of this department that the officer referred to in the section of a city charter enclosed with your inquiry as a "City Health Physician" is in law and fact a statutory "City Health Officer" by virtue of Art. 4425, V.A.C.S., supra, and, as such, is the officer meant in sections 9 and 15 of Art. 6243e, supra.

Honorable Bayne Satterfield - page 6

Trusting the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Robert L. Lattimore Jr.*

Robert L. Lattimore, Jr.
Assistant

RLL:zd

APPROVED NOV 7 1945

